Filed 4/20/16  P. v. Tamayo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069891 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF1303333) |
| ANDRES HERRERA TAMAYO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside, Elaine M. Kiefer, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Andres Herrera Tamayo of one count of mayhem (Pen. Code, § 203) and two counts of corporal injury on his child's parent (Pen. Code, § 273.5,

subd. (a)).  The jury also found true an allegation of personal infliction of great bodily injury as to one of the corporal injury counts.  (Pen. Code, § 12022.7, subd. (e).)  The court found true three alleged prison priors (Pen. Code, § 667.5, subd. (b)).  Tamayo was sentenced to a determinate term of 13 years in prison.

Tamayo appeals contending the trial court erred in admitting six uncharged incidents of domestic violence between Tamayo and Ms. Hurtado (the victim), which occurred around the time of the charged incidents.  Tamayo argues Evidence Code[1] section 1109 permitting propensity evidence in domestic violence cases violated federal due process and that the trial court abused its discretion under section 352 by admitting the uncharged acts.

Regarding the constitutionality of section 1109, we believe the California Supreme Court decision in *People v. Falsetta* (1999) 21 Cal.4th 903 (*Falsetta*), and subsequent case law have resolved that issue against Tamayo's position.  Otherwise, we are satisfied the trial court properly exercised its discretion under section 352 in admitting six of the uncharged acts, while carefully excluding others.  Accordingly, we will affirm the judgment.

STATEMENT OF FACTS

Tamayo does not challenge either the sufficiency or admissibility of the evidence relating to the charged offenses.  Accordingly, we will adopt the summary of those facts as set forth in the respondent's brief.

---

[1]     All statutory references are to the Evidence Code unless otherwise specified.

In June 2013 Kendall Hurtado picked up appellant, the father of her two-year-old daughter, from jail. At Ms. Hurtado's home that night, the two got into an argument after Hurtado told appellant's friend to leave her house. While Hurtado was lying on the couch, appellant started punching her with this fists, primarily on her right shoulder. She got up from the couch and appellant threw a large stereo speaker at her, hitting her on the head and shoulder. Hurtado yelled for her mother, pushed Tamayo out of her house, and locked the front door. Hurtado could not move her right shoulder. She did not call the police because she still loved appellant. Hurtado's sister came to the house, saw Hurtado's bruised arm and shoulder, and called the police. The responding officer observed a large amount of bruising on Hurtado's right shoulder, bruising on her ear and both arms, and dried blood around her lip. Hurtado complained of pain to her head and having bumps on her head. Hurtado obtained a temporary restraining order against Tamayo.

A few months later, in October 2013, Tamayo again abused Ms. Hurtado -- this time blinding her in her right eye. Hurtado picked up appellant and brought him to her house, but after becoming upset at him, she told him to leave. Appellant punched Hurtado in her right eye. Hurtado felt like she had been stabbed with something sharp in her eye. She screamed for her mother, appellant left the house, and Hurtado's mother called 911. Hurtado was taken to the hospital and had surgery for a ruptured cornea in her right eye. At trial, over a year later, she could not see out of that eye.

We will address the facts of the uncharged offenses in the discussion section of this opinion.

3

DISCUSSION

Tamayo contends section 1109 is unconstitutional as a violation of due process. He further argues that even if the section is constitutional, the trial court abused its discretion under section 352 in admitting the evidence of uncharged acts. We will discuss the issue of constitutionality of section 1109[2] first and then discuss the trial court's exercise of discretion.

---

[2] Evidence Code section 1109 provides: "(a)(1) Except as provided in subdivision (e) or (f), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352. [¶] (2) Except as provided in subdivision (e) or (f), in a criminal action in which the defendant is accused of an offense involving abuse of an elder or dependent person, evidence of the defendant's commission of other abuse of an elder or dependent person is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352. [¶] (3) Except as provided in subdivision (e) or (f) and subject to a hearing conducted pursuant to Section 352, which shall include consideration of any corroboration and remoteness in time, in a criminal action in which the defendant is accused of an offense involving child abuse, evidence of the defendant's commission of child abuse is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352. Nothing in this paragraph prohibits or limits the admission of evidence pursuant to subdivision (b) of Section 1101. [¶] (b) In an action in which evidence is to be offered under this section, the people shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, in compliance with the provisions of Section 1054. 7 of the Penal Code. [¶] (c) This section shall not be construed to limit or preclude the admission or consideration of evidence under any other statute or case law. [¶] (d) As used in this section: [¶] (1) 'Abuse of an elder or dependent person' means physical or sexual abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment that results in physical harm, pain, or mental suffering, the deprivation of care by a caregiver, or other deprivation by a custodian or provider of goods or services that are necessary to avoid physical harm or mental suffering. [¶] (2) 'Child abuse' means an act proscribed by Section 273d of the Penal Code. [¶] (3) 'Domestic violence' has the meaning set forth in Section 13700 of the Penal Code. Subject to a hearing conducted pursuant to Section 352, which shall include consideration of any corroboration and remoteness in time, 'domestic violence' has the further meaning as set forth in Section

The relationship between Tamayo and the victim was tumultuous. They fought with each other, with Tamayo frequently hitting, choking and injuring the victim. She, however, professed to continue to love him and thus endured his violent and profane conduct, which complicates any objective presentation of the facts of what occurred between them.

I

*SECTION 1109 IS CONSTITUTIONAL*

Section 1109 permits the admissibility of prior acts of domestic violence to show the defendant's propensity to commit such violent acts. The section is almost identical with section 1108 which permits similar propensity evidence in sex offense cases. Both sections represent a departure from the normal limitation on the use of uncharged acts, which are not admissible to show propensity, but must be admitted only to the extent they are relevant to prove a matter at issue in the case. (§ 1101.) Thus, sections 1108 and 1109 have prompted constitutional challenges to the use of propensity evidence.

In *Falsetta, supra*, 21 Cal.4th 903, 917, the court upheld the constitutionality of section 1108 against a claim that it violated due process. The court explained that the procedural protections of that section, which are similar to those in section 1109, protect

6211 of the Family Code, if the act occurred no more than five years before the charged offense. [¶] (e) Evidence of acts occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that the admission of this evidence is in the interest of justice. [¶] (f) Evidence of the findings and determinations of administrative agencies regulating the conduct of health facilities licensed under Section 1250 of the Health and Safety Code is inadmissible under this section."

the defendant's due process rights.  Chief among the protections relied upon by the high court was the limitations on judicial discretion found in section 352.

Since *Falsetta, supra,* 21 Cal.4th 903, courts have applied the same analysis to section 1109.  (*People v. Cabrera* (2007) 152 Cal.App.4th 695, 704; see also *People v. Villatoro* (2012) 54 Cal.4th 1152, 1162, and fns. 4, 5; *People v. Johnson* (2010) 185 Cal.App.4th 520, 528-530.)

We are satisfied California case law has established section 1109 does not violate either state or federal due process.

II

*THE EXERCISE OF DISCRETION*

A.  Background

The charged offenses occurred in June and October 2013.  The uncharged acts occurred around the same time period, with the first occurring in March 2013 and the last in October of that year.  The victim acknowledged a few of the incidents but denied recall of the rest.  The prosecution introduced evidence from an investigator as to the descriptions of the events the victim had given to him.  We summarize those events as follows:

1.  A week before the eye incident in October 2013, Hurtado was driving with appellant on Acacia Street in Hemet.  During an argument, appellant punched Hurtado in the chin while she was driving.  He called her a bitch and a whore.  Hurtado stopped the car, and appellant got out of the car and ran off.

6

2. A week earlier, while driving with appellant on Oakland Street in Hemet, during another argument, appellant tried to choke Hurtado while she was driving, putting his hands around her neck and squeezing for 30 to 40 seconds.

3. Also in October 2013, when appellant and Hurtado were staying at the Florida Inn motel together, Hurtado was driving with appellant to get some food. They argued and appellant again tried to choke her while she was driving, putting his hands around her throat for 30 to 40 seconds.

4. Later that day, back at the Florida Inn, appellant and Hurtado argued and appellant again tried to strangle Hurtado. Hurtado fought back, scratched appellant, and was able to get away from him.

5. Earlier in the year, in March 2013, while arguing in front of a friend's house in Moreno Valley, appellant punched Hurtado four or five times and kicked her once in the face while inside of her car. Hurtado started the car and drove away with appellant.

6. Hurtado's mother, moreover, testified that the same year, before the charged incident in June 2013, she heard Hurtado yelling and calling for her in the house. She ran to the kitchen and saw appellant with a spray bottle in his hand and the floor was wet. Hurtado said, "He's trying to spray me with bleach."

The trial court gave the following limiting instruction to the jury regarding the uncharged acts:

> The People presented evidence that the defendant committed domestic violence that was not charged in this case. Specifically: One, the assault with fists in Kendall Hurtado's car on Acacia Street in Hemet, California, a week prior to October 28th, 2013; two, the choking assault in Kendall Hurtado's car on Oakland in Hemet

7

during the weeks before October 28th, 2013; three, the choking assault when Kendall Hurtado was driving the defendant away from the Florida Inn to get food; four, the choking incident at the Florida Inn on October 16th, 2013; five, the March 2013 assault by fists and foot in Kendall Hurtado's car in front of a residence in Moreno Valley; six, the bleach spraying incident in the months before June 2013. [¶] Domestic violence means abuse committed against an adult with whom the defendant has a child -- has had a child. Abuse means intentionally or recklessly causing or attempting to cause bodily injury, or placing another in reasonable fear of imminent serious bodily injury to himself or herself or to someone else. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged domestic violence. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden of proof, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the uncharged domestic violence, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit and did commit Counts 1 through 3 as charged here. [¶] If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of Counts 1 through 3. The People must still prove each charge and allegation beyond a reasonable doubt.

### B. Standard of Review

When we review a decision admitting propensity evidence under sections 1109 and 352 we apply the abuse of discretion standard of review. (*People v. Brown* (2011) 192 Cal.App.4th 1222, 1233.) Under that standard we will not overturn a trial court's decision in the absence of a clear showing of an abuse of discretion. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125; *Brown, supra*, at p. 1233.)

8

Under section 352, a trial court enjoys broad discretion to evaluate the prejudicial effect of propensity evidence under section 1109 as against its probative value. (*People v. Johnson* (2000) 77 Cal.App.4th 410, 420; *People v. Zapien* (1993) 4 Cal.4th 929, 958.)

### C. Analysis

In this case the trial court conducted a careful weighing of the potential prejudice of uncharged acts as against their probative value. The court admitted six events, all proximate to the time of the charged events, finding they were not unduly prejudicial. The court rejected other acts the court considered too prejudicial. We are satisfied the trial court acted well within the range of its discretion in its ruling on the uncharged acts.

As we noted, the acts were not remote, but rather involved conduct by Tamayo with the victim during the time of the events in the charged offenses. Nor were the uncharged acts inflammatory. They involved a pattern of conduct entirely consistent with and similar to the charged offenses.

What the uncharged acts did show was an escalating pattern of violence by Tamayo against this specific victim. The conduct started in March, not long before the charged June offense. The conduct thereafter continued around and leading up to the final charged offenses in October. (*People v. Hoover* (2000) 77 Cal.App.4th 1020, 1027-1028; *People v. Johnson, supra*, 185 Cal.App.4th 532, 531, fn. 8.)

In short, the record supports the trial court's evaluation that the uncharged acts which were admitted in evidence were probative of Tamayo's conduct and relationship with the victim. The behavior sheds light on the event which lead up to the final violent

9

assaults upon the victim.  The uncharged acts were not unduly prejudicial and the court did not err in admitting them into evidence.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.